CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 2 0 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RACHAEL L. COOK, | ) |
| Plaintiff, | ) Civil Action No. 7:15cv456 |
| v. | ) |
| JOHN RICHARD BLAZER, SCOTT MCQUATE, and THE OHIO COMPANY. | ) By: Hon. Michael F. Urbanski<br>) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

In this matter, plaintiff Rachael L. Cook filed an amended complaint alleging a variety of claims against defendants John Richard Blazer, Scott McQuate, and The Ohio Company. ECF No. 16. In light of the pending bankruptcy proceeding related to Blazer (U.S. Bankruptcy Court, N.D. Ohio, Case No. 16-31463), the court stayed all further proceedings against him. ECF No. 44. It then ordered the remaining parties to file briefs addressing whether Cook's claims against McQuate and The Ohio Company (collectively the "non-debtor defendants") should also be stayed. The court heard argument on June 16, 2016, and this matter is now ripe for consideration.

While bankruptcy stays are generally available only to the debtor, a court may extend the stay to non-debtor codefendants in "unusual circumstances." Kreisler v. Goldberg, 478 F.3d 209, 213 (4th Cir. 2007). For example, the Fourth Circuit has explained that an "unusual situation . . . arises when there is such an identity between the debtor and the third-party defendant that the debtor may be

1

said to be the real-party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986). "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." Id.

In their joint brief, the non-debtor defendants urge the court to stay the entire case pending resolution of Blazer's bankruptcy proceeding. They note that Cook alleges various claims against all three defendants, and seeks joint and several liability for her damages. Moreover, they claim the state law governing Cook's action provides a statutory right of contribution for any damages awarded. See Ohio Rev. Code § 2307.25(A). Finally, they argue allowing this action to proceed would pressure Blazer to remain involved in the litigation and saddle him with the burden of third-party discovery. In light of this, the non-debtor defendants believe unusual circumstances support extension of the bankruptcy stay.

The court disagrees. The non-debtor defendants offer no evidence they are entitled to the type of absolute indemnity described in Piccinin. The mere fact that they may be entitled to contribution from Blazer is insufficient. Credit Alliance Corp. v. Williams, 851 F.2d 119, 120–21 (4th Cir. 1988) (refusing to extend bankruptcy stay to guarantor of note executed by bankrupt corporation, despite evidence that the guarantor was entitled to bring claims for contribution through the bankruptcy proceeding); CresCom Bank v. Terry, 499 B.R. 494, 496 (D.S.C.

2

2013) ("[A] statutory right to bring an action for indemnification is not sufficient to justify extension of the automatic stay."); Doyle v. Fleetwood Homes of Virginia, Inc., No. 2:08-CV-1442, 2009 WL 1210697, at *2 (S.D.W. Va. Apr. 30, 2009) (refusing to extend bankruptcy stay despite evidence that the non-debtor defendants were entitled to contribution from bankrupt codefendant). Nor can the stay be extended "solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 288 (2d Cir. 2003). Indeed, such a broad understanding of "unusual circumstances" would cause a "vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." Id. Finally, it is unclear at this early stage if Cook's action will require substantial discovery from Blazer such that he will be prevented from successfully pursuing his ongoing bankruptcy proceeding. See, e.g., In re Residential Capital, LLC, 480 B.R. 529, 540 (Bankr. S.D.N.Y. 2012) (collecting cases that extend the automatic stay to non-debtors only where the discovery burden interferes with the debtor's pending bankruptcy proceeding). Thus, the court is not persuaded that this case presents "unusual circumstances" justifying extension of the bankruptcy stay.

Likewise, the court will not exercise its discretion to stay this proceeding "in the interests of justice and in control of [its] docket." Nat'l Oilwell Varco, L.P. v. Mud King Products, Inc., No. 4:12-CV-3120, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013) (citing Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545 (5th Cir. 1983)).

3

Though Cook initially conceded that a stay was necessary, she reversed course during argument. Cook now wishes to pursue her claims against the non-debtor defendants. Denial of the stay will also best serve judicial efficiency. Accordingly, the non-debtor defendants' request for extension of the bankruptcy stay is **DENIED**. Absent an order from the bankruptcy court extending the stay, this action shall proceed.

Entered: 06-20-2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge