IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RACHAEL L. COOK, | ) |
| Plaintiff, | ) Civil Action No. 7:15-cv-456 |
| v. | ) |
| SCOTT MCQUATE, | ) By: Hon. Robert S. Ballou |
| THE OHIO COMPANY, | ) United States Magistrate Judge |
| and JOHN RICHARD BLAZER, | ) |
| Defendants. | ) |

## **OPINION**

Currently before the court are plaintiff Rachael L. Cook's motions for default judgment against defendant Scott McQuate and for partial summary judgment against defendants McQuate and The Ohio Company. Dkt. No. 75. I heard oral argument on these motions on July 5, 2017.[1] I find that while default judgment is not an appropriate sanction at this stage of the proceedings, McQuate should be required by court order to attend a rescheduled deposition. I further find that Cook's motion for partial summary judgment should be taken under advisement, pending completion of additional discovery.

### I.     Background

Cook's amended complaint asserts claims for actual fraud, conspiracy, conversion, and breach of fiduciary duty.[2]  Dkt. No. 16.  Generally, Cook contends that the defendants participated in a scheme to defraud her, in which defendants McQuate and John Richard Blazer[3]

---

[1] I also heard oral argument on McQuate's motion to dismiss plaintiff's complaint and/or motion to transfer venue. (Dkt. No. 82). This motion is addressed in a separate report and recommendation.

[2] Cook's allegations related to violations of the RICO Act were dismissed without prejudice for failure to properly state a claim for relief. Dkt. Nos. 52, 55, 56. Cook did not refile her RICO claim.

[3] Defendant Blazer is the President and CEO of The Ohio Company, an investment firm, which brokers investment opportunities for businesses and individuals. Id. ¶ 16. Blazer filed bankruptcy after Cook filed this

1

convinced Cook to invest $25,000 in Heritage Acquisition Group, Inc. ("Heritage") by using The Ohio Company as the primary investment vehicle. However, Cook alleges that, instead of investing her $25,000 in Heritage, defendants divided it among themselves.

### II. Motion for Default Judgment against Defendant McQuate

After McQuate failed to attend his deposition scheduled for May 25, 2017, on June 1, 2017 Cook filed a motion under Federal Rule of Civil Procedure 37(b)(2)(A)(vi), asking for the sanction of default judgment. In support of her motion, Cook argues that McQuate was both aware of the deposition and properly served with notice. Cook's Mem. in Supp. at 2, Ex. A, B, and C, Dkt. No. 75.

Rule 37(d) gives the district court wide discretion to impose sanctions for a party's failure to appear for his deposition. See Fed. R. Civ. P. 37(d)(1)(A)(i) and 37(d)(3); See also Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir.1989). However, when the sanction imposed is a default judgment, "the range of discretion is more narrow than when a court imposes less severe sanctions." Hatchcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir.1995) (internal quotation marks omitted) quoting Wilson v. Volkswagen of Am., 561 F.2d 494, 503 (4th Cir.1977), cert. denied, 434 U.S. 1020 (1978). Further, the Fourth Circuit has established four factors that a court must consider before imposing default judgment as a sanction:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

---

action. On May 27, 2016, the district court stayed all further proceedings against defendant Blazer, but declined to extend the stay to defendants McQuate and The Ohio Company. Dkt. No. 44.

2

Mutual Federal Savings & Loan Ass'n, 872 F.2d at 92 (noting that the purpose of such an evaluation is to ensure that only the most flagrant cases of noncompliance will result in judgment by default); See also Wilson, 561 F.2d at 503–06 (4th Cir.1977) (When deciding a Rule 37(d) default judgment motion, a district court must weigh the competing interests of the court's desire to enforce its discovery orders against the party's right to a trial by jury and a fair day in court by applying a four part test.)

In her brief, Cook does not make any arguments relating to the four factors a court should consider, including bad faith, prejudice, the need for deterrence, or the effectiveness of less drastic sanctions. I have moved the trial to January 2018, so adequate time exists for a deposition of McQuate. Further, the court has not previously entered any order requiring McQuate to appear for a deposition and I conclude that a sanction less drastic than default judgment is appropriate at this juncture. Accordingly, McQuate is ordered to attend a rescheduled deposition. Should defendant McQuate fail to appear at the rescheduled deposition, such failure will result in default judgment. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (noting that the most severe sanction of default judgment "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

As discussed and agreed during oral argument, the deposition of McQuate will be rescheduled to August 31, 2017 at 10 a.m., in an office location near McQuate's home in Mount Vernon, Ohio to be arranged by Cook's counsel.

### III. Motion for Partial Summary Judgment

Cook also moved for partial summary judgment against defendants McQuate and The

3

Ohio Company on the grounds that neither defendant timely served any objections or responses to Cook's discovery requests, including first requests for admissions, interrogatories, and requests for production of documents. Thus, Cook contends the requests are deemed admitted. Cook argues that "absent counter affidavits there are no material issues in dispute" and asks the court to grant partial summary judgment finding McQuate and The Ohio Company liable for fraud (count one) and conversion (count three).[4] Pl.'s Br. at 8–9, Dkt. No. 75. However, Cook is not asking for summary judgment on the remaining counts of her amended complaint: conspiracy (count two) and breach of fiduciary duty (count four).

Rule 36 governs requests for admission, providing that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36(a)(3). Unanswered requests for admission can serve as the basis for summary judgment. See Vales v. Preciado, 809 F.Supp.2d 422, 426 (D.Md.2011) (quoting Donovan v. Porter, 584 F.Supp. 202, 207–08 (D.Md.1984))); See also Batson v. Porter, 154 F.2d 566, 568 (4th Cir.1946) (holding that unanswered requests for admissions are admitted and may support summary judgment, "unless a sworn statement is filed in which they are specifically denied or specific reasons are given why they cannot be truthfully admitted or denied"). Here, Cook served the discovery at issue by e-mail on March 24, 2017. See Certificate of Service, Dkt. No. 75-7 at 13. Thus, responses would have been due by April 24, 2017. Former counsel for McQuate sent late responses to discovery requests to Cook by e-mail on May 24, 2017. See Dkt.

---

[4] Cook is not asking the court to decide whether she is entitled to recover punitive damages or attorney's fees, and rather is asking that the issue of damages be decided at trial.

Nos. 75-5 and 75-7. However, McQuate has not moved to withdraw his default admissions under Rule 36(b) and replace them with the late admissions.[5]

A court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

I conclude that additional discovery likely will aid the court in determining whether summary judgment is appropriate. See Fed. R. Civ. P. 56(c)(1)(A) (in motions for summary judgment a party can support factual positions by citing to materials in the record including, depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials.). Thus, Cook's partial motion for summary judgment is taken under advisement pending additional discovery, including McQuate's deposition scheduled for August 31, 2017. If Cook determines that she wants to pursue summary judgment, she is instructed to file additional briefing, including an analysis of whether Virginia or Ohio law applies to each of her claims prior to October 16, 2017.[6]

---

[5] Rule 36(b) states that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

[6] When choosing the applicable state substantive law while exercising diversity jurisdiction, a federal district court applies the choice of law rules of the forum state. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496 (1941); Gulf Ins. Co. v. Davis, 65 F.3d 166 (4th Cir. 1995). Here, the forum state is Virginia; thus, Virginia law governs the choice of law rule I must apply.

The choice of law rule for tort claims in Virginia is *lex loci delicti*—the law of the place of the wrong. Jones v. R.S. Jones and Assoc., Inc., 246 Va. 3, 5 (1993). The place of the wrong for purposes of the *lex loci delicti* rule is defined as the place where the last event necessary to make an actor liable for an alleged tort takes place, even if the actor has no control over the location of that last event. Quillen v. International Playtex, Inc., 789 F.2d 1041, 1044 (4th Cir.1986); See also Ford Motor Co. v. Nat'l Indem. Co., 972 F. Supp. 2d 850, 857 (E.D. Va. 2013) ("The location where 'the last event necessary to make an act liable for an alleged tort takes place' will vary amongst different claims, depending on what elements comprise the particular claim and which element is deemed to provide the 'last event necessary' to make the actor liable for the particular tort at issue."). Thus, in her supplemental brief, Cook should analyze where the last event necessary to make defendants liable for the alleged tort took place, for each of her tort claims.

To allow time for this additional discovery, the jury trial that was previously set for July 24, 2017 will be continued to January 24-25, 2018. All dispositive motions, including motions for summary judgment must be filed by October 16, 2017.

### IV.    Conclusion

For these reasons, Cook's motion for default judgment is denied, but McQuate is required to appear for a rescheduled deposition to occur on August 31, 2017 at 10 a.m., in or near Mount Vernon, Ohio. Cook's motion for partial summary judgment is taken under advisement, pending completion of additional discovery and additional briefing by Cook regarding choice of law. The trial date is continued to January 24-25, 2018 to allow time for the additional discovery, and all dispositive motions, including motions for summary judgment, shall be filed by October 16, 2017.

An appropriate ORDER will be entered.

Entered:  July 14, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge