CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
12/04/2017
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RACHAEL L. COOK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:15-cv-456 |
| ) | |
| v. ) | |
| ) | |
| SCOTT MCQUATE, ) | By: Hon. Robert S. Ballou |
| THE OHIO COMPANY, ) | United States Magistrate Judge |
| and JOHN RICHARD BLAZER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Rachel L. Cook, by counsel, moves for partial summary judgment against defendants Scott McQuate and The Ohio Company. (Dkt. No. 74). I heard oral argument on this motion on July 5, 2017, and took it under advisement pending additional discovery and briefing. (Dkt. No. 91). On that date, I also heard Cook's motion for default judgment against defendant McQuate for failing to attend his deposition. I denied Cook's motion for default judgment by order entered July 17, 2017 and ordered McQuate to appear for a rescheduled deposition on August 31, 2017. Cook has failed to file additional briefing to support her partial motion for summary judgment; accordingly, I recommend that Cook's motion be denied.

**I.     Background**

Cook's amended complaint asserts claims for actual fraud, conspiracy, conversion, and breach of fiduciary duty. Dkt. No. 16. Generally, Cook contends that the defendants participated in a scheme to defraud her, in which defendants McQuate and John Richard Blazer[1] convinced Cook to invest $25,000 in Heritage Acquisition Group, Inc. ("Heritage") by using The Ohio

---

[1] Blazer filed bankruptcy after Cook filed this action. On May 27, 2016, the district court stayed all further proceedings against defendant Blazer, but declined to extend the stay to defendants McQuate and The Ohio Company.

1

Company as the primary investment vehicle. Cook wired $25,000 from a bank in Roanoke, Virginia to a bank in Ohio identified by defendants; however, months later, when Cook attempted to obtain information about her investment in Heritage, she was told that Heritage had no record of her investment. Am. Comp. ¶¶ 35, 36, Dkt. No. 16. Cook alleges that, instead of investing her $25,000 in Heritage, defendants divided it among themselves. Id. ¶ 37.

Cook moved for partial summary judgment on the actual fraud and conversion counts only, on the grounds that neither defendant timely served any objections or responses to Cook's discovery requests, including first requests for admissions, interrogatories, and requests for production of documents. Thus, Cook contends the requests are deemed admitted. Cook argues that "absent counter affidavits there are no material issues in dispute."[2] Pl.'s Mem. in Supp. at 8–9, Dkt. No. 75.

At the July 5, 2017 hearing, I concluded that additional discovery, including McQuate's deposition, would aid the court in ruling on the partial summary judgment motion, and took it under advisement. I instructed Cook that, "if she determines that she wants to pursue her motion for summary judgment, she [must file] additional briefing, including an analysis of whether Virginia or Ohio law applies to each of her claims prior to October 16, 2017."[3] Dkt. No. 90. Further, I continued the date of the jury trial from July 24, 2017 to January 24–25, 2017, to permit time for the additional discovery, and ordered that all dispositive motions, including motions for summary judgment must be filed by October 16, 2017. Dkt. Nos. 90, 91.

---

[2] Cook is not asking the court to decide whether she is entitled to recover punitive damages or attorney's fees, and rather is asking that the issue of damages be decided at trial.

[3] A federal court sitting in diversity generally applies the relevant state substantive law and federal procedural law. Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

## II. Summary Judgment

A court may enter summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); JKC Holding Co. LLC v. Washington Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir.2001).

Cook seeks partial summary judgment only as to her fraud and conversion claims. In order to prove fraud under Virginia law, Cook must allege (1) a false representation by the defendant; (2) of a material fact; (3) which was made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the misled party; and (6) resulting injury to the misled party. Winzeler v. Sanchez, No. 2:13cv612, 2015 WL 12645001, at *8 (E.D. Va. July 28, 2015); see also Condo Servs. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc., 709 S.E.2d 163, 171 (Va. 2011).[4] Conversion under Virginia law requires proof of (1) wrongful exercise or assumption of authority; (2) over another's goods; (3) depriving him of possession. Condo Servs., 709 S.E.2d at 171 (quoting Universal C.I.T. Credit Corp. v. Kaplan, 92 S.E.2d 359, 365 (Va. 1956)).[5]

---

[4] The elements of a fraud claim under Ohio law are essentially identical: (a) a representation or, where there is a duty to disclose, concealment of a fact; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with the intent of misleading another into relying upon it; (e) justifiable reliance upon the representation or concealment; and (f) a resulting injury proximately caused by the reliance. Burr v. Bd. of Cty. Comm'rs of Stark Cty., 491 N.E.2d 1101, 1105 (Ohio 1986) quoting Cohen v. Lamko, Inc. 462 N.E.2d 407 (Ohio 1984).

[5] The elements of conversion under Ohio law are also substantially the same: (1) the plaintiff's ownership and right to possess the property at the time of the conversion; (2) the defendant's conversion by wrongful act of plaintiff's property rights; and (3) damages. Martin v. MAHR Mach. Rebuilding, Inc., 2017-Ohio-1101, ¶ 13

Cook rests her summary judgment argument on her declaration and McQuate's and The Ohio Company's failure to respond to Cook's discovery requests, including first requests for admissions, interrogatories, and requests for production of documents. Rule 36 governs requests for admission, providing that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed.R.Civ.P. 36(a)(3). Unanswered requests for admission can serve as the basis for summary judgment. Vales v. Preciado, 809 F.Supp.2d 422, 426 (D.Md.2011); see also Batson v. Porter, 154 F.2d 566, 568 (4th Cir.1946) (holding that unanswered requests for admissions are admitted and may support summary judgment). Here, Cook served the discovery at issue by e-mail on March 24, 2017. See Certificate of Service, Ex. F to Pl.'s Mem. in Supp., Dkt. No. 75-6 at 13. Thus, responses would have been due by April 24, 2017. Former counsel for McQuate and The Ohio Company sent responses to discovery requests to Cook by e-mail on May 24, 2017. Pl.'s Mem. in Supp. at n. 2, Dkt. No. 75; Ex. G to Pl.'s Mem. in Supp. In these late responses, among other things, McQuate denied having received any part of the $25,000 Cook claims she wired to a bank in Ohio. However, McQuate has not moved to withdraw the default admissions under Rule 36(b), and replace them with the late admissions.[6]

Cook has failed to file additional briefing as instructed in my July 14, 2017 memorandum opinion and order, and thus apparently no longer wishes to pursue her motion for summary

---

[6] However, I note that "unpublished decisions of [the Fourth Circuit] have not strictly interpreted the motion requirement under Rule 36(b) and have allowed late responses or a motion for extension of time to serve as the functional equivalent of a motion under Rule 36(b)." Estate of Jones Jones v. City of Martinsburg, W. Virginia, 655 F. App'x 948, 949–50 (4th Cir. 2016) citing Bailey v. Christian Broad. Network, 483 Fed.App'x 808, 810 (4th Cir. 2012) (filing a motion for extension of time "was, in essence, a motion to withdraw deemed admissions"); Metpath, Inc. v. Modern Med., 934 F.2d 319, 1991 WL 87534, at *2 (4th Cir. May 29, 1991) (per curiam) (late response). Rule 36(b) provides that, "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." F.R.C.P. 36(b).

judgment. I also note that, as no additional briefing was filed, Cook has not shown, other than from the Requests for Admissions, that McQuate was either aware of Blazer's alleged misconduct, or received any part of the $25,000. Finally, the evidence in the record shows that Blazer was charged with a criminal offense in the United States District Court for the Southern District of Ohio, and that Cook has a claim against Blazer for restitution. Dkt. No. 103–1 at 7.

Accordingly, it is **RECOMMENDED** that an order be entered, **DENYING** Cook's motion for partial summary judgment.[7]

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by me, may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

---

[7] No counsel has appeared on behalf of the Ohio Company. This Report and Recommendation recommends that the district court deny summary judgment as to both McQuate and The Ohio Company. The district court may well enter default against The Ohio Company should it not retain counsel and appear at trial ready to proceed. McQuate has attempted, since he became *pro se* in this action, to deny that he received any benefit from the interaction with plaintiff, and has asserted that he did not make any representations about investing funds through codefendant Blazer. Fact questions remain as to whether McQuate made material misrepresentations, whether Cook relied upon any particular misrepresentations supposedly attributed to McQuate, and whether McQuate, in fact, deprived Cook from her assets. These questions likewise preclude summary judgment for Cook in the fraud and conversion claims.

Entered:  November 30, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge