CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 3 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| RACHAEL L. COOK, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:15cv456 |
| v. | ) |
| | ) |
| SCOTT MCQUATE, | ) By: Hon. Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendants. | ) |

## ORDER

This matter comes before the court on plaintiff Rachael L. Cook's Motion Seeking

Reconsideration of Order of this Court Denying Plaintiff's Motion for New Trial (the

"Motion"), ECF No. 158. Cook argues that Defendant Scott McQuate failed to respond to a

request for admissions by the deadline, triggering an automatic admission under Federal Rule

of Civil Procedure 36(a)(3). Cook bases her Motion on the court's failure to allow Cook to

introduce the purported admissions at trial.

Cook previously based a motion for summary judgment on the same purported

admissions. Mot. Default J. & Summ. J., ECF No. 74. The magistrate judge considered

Cook's argument, and while he ultimately recommended denying summary judgment on

other grounds, he noted that unpublished decisions in the Fourth Circuit "have allowed late

responses or a motion for extension of time to serve as the functional equivalent of a motion

under Rule 36(b)." R. & R., ECF No. 106, at 4 n.6 (quoting Estate of Jones v. City of

Martinsburg, W.V., 655 F. App'x 948, 949–50 (4th Cir. 2016)). The court adopted the Report

& Recommendation in its entirety. Order, ECF No. 114. The court still agrees with the

magistrate judge: Allowing the late admissions to serve as the functional equivalent of a motion to withdraw the automatic admissions "promote[s] the presentation of the merits of the action." Fed. R. Civ. P. 36(b). Moreover, the court sees no prejudice to Cook in allowing the late admissions to serve as a motion to withdraw the automatic admissions, as Cook was aware of the contents of the late admissions for months before trial. Accordingly, the court holds that the filing of the late admissions was the functional equivalent of a motion under Rule 36(b), which the court grants.

Additionally, while Cook complains that McQuate untimely filed the admissions, Cook is equally guilty of late filings. See Mot. Leave Serve Late Witness & Ex. List, ECF No. 110 (moving on January 9, 2018 to file documents with court that were required to be filed on January 3, 2018); Mot. Leave Late Submission Proposed Jury Instructions, ECF No. 127 (moving on January 22, 2018 to file jury instructions with the court that were required to be filed on January 18, 2018). The court finds that it would be inequitable to punish McQuate for late filings while allowing Cook's late filings.

Accordingly, Cook's Motion is **DENIED**.

Entered: 07-23-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

2