IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
Federal Courthouse
210 Franklin Road
Roanoke, Virginia 24011

**RACHAEL L. COOK,**

        Plaintiff,

v.                                Civil Action No. 7:15-cv-00456-MFU

                                        Judge Urbanski

**JOHN RICHARD BLAZER,**

        Defendants.

**PROPOSED JURY INSTRUCTIONS**

Rachael L. Cook ("Cook"), by counsel, sets forth the following proposed jury instructions for the trial scheduled for August 20, 2021: :

**FINAL JURY INSTRUCTIONS**

Members of the Jury: Your job as jurors, to decide the facts of this case, is about to begin. In deciding the facts of this case, you must base your verdict solely on the evidence presented to you over the course of the trial. You must perform this function without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both of the parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

*Authority—From Court's Instructions – Docket 150*

**DUTY OF JURY**

It is my job to decide what rules of law apply to this case and instruct you on those rules. I've explained some of these rules to you during the course of the trial, and I will explain other

rules to you now. This is my job.   While you may have heard lawyer or party comment during the trial on some of these rules, you are to be guided only by what I say about them. You must follow all the rules as I explain them to you. You may not follow some and ignore others. You may not single out one rule alone as stating the law, but. you are to consider the instructions as a whole. Even if you disagree or don't understand the reasons for some of the rules, you are bound to follow them.

*Authority—From Court's Instructions – Docket 150*

## PARTIES ARE PERSONS OF EQUAL STANDING

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

*Authority—From Court's Instructions – Docket 150*

## OTHER PARTIES

You have heard discussion during the course of this trial about Scott McQuate and the Ohio Company They are not part of this trial. I instruct you that their absence should not be of concern to you in dealing with the issues before you as to the plaintiff's claims against John Richard Blazer. And you are not to speculate as to the absence of or why the said defendants are not standing trial. Their absence should not control or influence your verdict in any way whatsoever with respect to defendant John Richard Blazer, which is part of this trial. John Richard Blazer is entitled to a fair, separate, and individual consideration as to the case against him

*Authority—Adopted from Court's Instructions – Docket 150*

## EVIDENCE-LIMITATIONS

The evidence from which you will find the facts will consist of the testimony of a witness, documents and other things admitted as exhibits, or such matters as the court may instruct you to find.

The following statements and utterances made during this trial are not evidence and should not be considered by you:

- Statements, arguments, and questions by any lawyer.
- Testimony that the court has excluded or told you to disregard

By the same token, any comment or ruling I have made or any question I have asked during the course of this trial does not mean that I have a view as to what your verdict should be. It is up to you, and you alone, to decide what weight and value to give to the evidence and to render a verdict in accordance with that evidence.

*Authority—Adopted from a portion Court's Instructions – Docket 150*

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. The other is circumstantial evidence. Circumstantial evidence is indirect evidence -- it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

*Authority—Adopted from Court's Instructions – Docket 150*

## CREDIBILITY OF WITNESSES

As you have heard, much of the evidence in this case has consisted of the testimony from a witness. You are the sole judges of the credibility of the witness and the weight of the evidence. In

deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the- witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

*Authority—Adopted from a portion of Court's Instructions – Docket 150*

## WEIGHING OF EVIDENCE

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

In this case, plaintiff Rachael Cook raises a number of claims against defendant John Richard Blazer.  .

First, plaintiff claims that Mr. Blazer made intentionally false statements in relation to a potential investment in Heritage that induced Ms. Cook to invest $25,000 in Heritage. Plaintiff claims she would not have attempted to invest the $25,000 had Mr. Blazer not made those statements.

Similarly, plaintiff also claims that defendant, Mr. Blazer, entered into a conspiracy that included the Ohio Company, to defraud plaintiff by intentionally false statements in relation to a potential investment in Heritage that induced Ms. Cook to invest $25,000 in Heritage.

Finally, plaintiff claims that Mr. Blazer conspired with the Ohio Company for conversation and retention of the $25,000.

*Authority—Adopted from a portion Court's Instructions – Docket 150*

## DEFAULT

The Defendant Mr. Blazer, is in default for failing properly to enter an appearance in defense of this case. Accordingly, you are to accept as proven the claims of the plaintiff that the defendant, Mr. Blazer, entered into a conspiracy to defraud her, did defraud her, and converted money belonging to her by accepting and keeping the $25,000 that she sent for investment in the Heritage Group that was not sent to the Heritage Group.

*Authority – If the Court rules that the defendant John Richard Blazer is in default for non-appearance at the trial of this case.*

## DAMAGES

The burden is on the plaintiff to prove each item of damages she claims, except that the Court instructs you to award her damages for her loss of $25,000.

*Authority – If the Court rules in favor of the plaintiff's claim for a default judgment.*

## INTERROGATORY#1 ACTUAL DAMAGES

You are to include in your award of damages to the plaintiff her loss of $25,000. On the basis of Mr. Blazer's default as to the plaintiff's claims against him, if you find from a preponderance of the evidence that the plaintiff suffered very severe emotional distress because of conspiracy to commit fraud, actual fraud,, and/or conversion, then you may include in your finding of plaintiff's damages not only the loss of $25,000, but also such very severe emotional distress.[1]

*Authority:   See McCune v. Xerox Corp., 2000 U.S. App. LEXIS 17847 (4th Cir. 2000),*

---

[1] See *McCune v. Xerox Corp.,* 2000 U.S. App. LEXIS 17847 (4th Cir. 2000),

## INTERROGATORY #2 - INTEREST

It will be necessary for you to consider the issue of pre-judgment interest.

Your decision regarding pre-judgment interest is limited to whether or not pre-judgment interest should be awarded and the date upon which such interest shall begin to accrue, and this decision is-in your sole discretion. If you do award interest, you may choose a date from the date that the plaintiff sent the $25,000-May 15, 2013-to the date of your verdict. The appropriate interest rate is set as a matter of law.

Finally, let me be clear. I have just given you instructions about pre-judgment interest. You should not infer from those instructions that I have any view as to whether pre-judgment interest should be awarded in this case. That is for you to decide.

*Authority—Amended from the Court's Instructions – Docket 150*

## INTERROGATORY # 3 AS TO PUNITIVE DAMAGES

If you believe by the greater weight of the evidence that Richard Blazer acted under circumstances amounting to a willful and wanton disregard of plaintiffs rights, then you may also award punitive damages to plaintiff to punish the defendant Mr. Blazer for his actions and to serve as an example to deter Mr. Blazer and others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the .amount you allow as punitive damages.

*Authority—Amended from a portion Court's Instructions – Docket 150*

## ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM

In just a few moments, it will be time for you to retire to the jury room to begin your deliberations. In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

<u>First</u>, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

<u>Second</u>, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog or website such as Facebook, My Space, Linkedin, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.

Information on the internet or available through social media might be wrong, incomplete or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be-that is entirely for you to decide.

Finally, a verdict form is simply written notice of a decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

If one of you needs to step out of the jury room for any reason, the deliberations must cease. Deliberations must take place while all jurors are present.

Do not reveal your verdict until such time as you are discharged, unless otherwise directed by me.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.

I will provide you with a copy of these instructions and the verdict form. If you would like to see any of the exhibits, you may request them by asking the court security officer.

I am going to ask you to step outside for a brief moment in the hallway so I can confer with counsel before we ask you to go to the jury room to begin your deliberations.

Alright, members of the jury, I have now conferred with counsel.

Two of you were selected to serve as alternates. Without alternates, the inability of a single juror to complete his or her service due to illness or any other reason would require a mistrial or a re-trial with another jury. Thus, service as an alternate is as essential as service as a regular juror.

The individuals selected as alternates will have to continue to follow the court's instructions in the event that one of the remaining jurors becomes ill and an alternate must take his or her place.

[Excuse alternate)

I ask the court security officer to escort the jurors to the jury room to begin their deliberations.

*Authority—Amended from the Court's Instructions – Docket 150*

## VERDICT FORMS

1. We the jury, on the issues joined, find our verdict in favor of Rachael Cook against John Richard Blazer and assess her compensatory damages as _____.

2. We return a verdict in favor of Rachael Cook against John Richard Blazer for (no punitive damages) (for _____ in punitive damages)

                                                               Respectfully submitted,

                                                               **RACHAEL L. COOK,**

                                                               By /s/ Henry W. McLaughlin
                                                                    Counsel

Henry W. McLaughlin (VSB No 07105)

The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia
(804)205-9020; fax (877) 575-0245
*Counsel for Rachael L. Cook*

## CERTIFICATE

I, Henry W. McLaughlin, counsel for plaintiff, certify that on August 4, 2021, the foregoing will be filed electronically with the ECF filing System of the U.S. District Court for the Western District of Virginia, Roanoke Division, and that a copy of the foregoing has been mailed on August 4, 2021 to John Richard Blazer, 16913 Meredith State Road, Sunbury, Ohio 43074 and on July 29, 2021 will be sent by next day mail to the said address

/s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No. 07105)
Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Plaintiff Rachael L. Cook*