IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
Federal Courthouse
210 Franklin Road
P. O. Box 1231
Roanoke, Virginia 24011

**RACHAEL L. COOK,**

    Plaintiff,

v.               Civil Action No. 7:15-cv-00456-MFU

                Judge Urbanski

**JOHN RICHARD BLAZER**
**SCOTT   MCQUATE**
**THE OHIO COMPANY,**

    Defendants.

## ALTERNATIVE   PROPOSED JURY INSTRUCTIONS

Rachael L. Cook ("Cook"), by counsel, previously filed proposed jury instructions that were based on an assumption of the defendant John Richard Blazer being found in default in this case.   The following alternative proposed jury instructions are being filed in case John Richard Blazer is not found in default in this case.

1. **Instruction on issues**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

1.  **Cook's Claim of Conspiracy**

*Definition of Conspiracy*

A civil conspiracy is defined as a combination of two or more persons, by concerted action, to accomplish an unlawful purpose or to accomplish some purpose, not in

itself unlawful, by unlawful means,.[1]

*Factual Issues*

A. Did John Richard Blazer with Scott McQuate and/or the Ohio Company participate in a conspiracy (as defined in another instruction of the Court) to persuade Rachael Cook to send $25,000 by wire to the Ohio Company on a representation to her that she was doing so in order that the $25,000 be sent to the Heritage Acquisitions Group, Inc. ("Heritage") for legitimate investment in mining.

B. If so, did the Ohio Company receive such $25,000 and distribute it among John Richard Blazer, Scott McQuate, and the Ohio Company, without any of such $25,000 being invested through Heritage.

C. If so, did Richard Blazer keep a portion of Cook's $25,000 for wrongful personal gain?

D. If you find from clear and convincing evidence that (A) (B) and (C) occurred, then did Cook lose such $25,000 without ever having any of those funds invested with Heritage?

On (A) (B) and (C) above, Cook bears the burden of proof by clear and convincing evidence.

*Verdict on Finding of Conspiracy*

If you find, based on the applicable instructions of the Court, that John Richard Blazer and Scott McQuate and/or the Ohio Company conspired wrongfully to deprive

---

[1]. *American Heritage Banco, Inc. v. McNaughton*, 879 N.E.2d 1110, 1115 (Ind. Ct. App. 2008) (Robb, J.). *See also Universal Coach, Inc. v. New York City Transit Authority*, 90 Ohio App. 2n 284 (1993)

Cook of $25,000, then you shall return a verdict in her favor for such $25,000 plus interest on the same at the rate of 6% per annum.

2. **Cook's Claim of Fraud**

*Definition of Actual Fraud*

Actual fraud is a false statement about a fact that the actor knows to be false or is reckless as to its falsity, made by an actor to a victim with the intent to deceive the victim and upon which the victim relies and thus suffers a harm or loss. The elements of actual fraud are: (1) a material misrepresentation of a past or existing fact that (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused injury or damage.[2]

*Factual Issues*

A. Did Cook state an understanding that any investment in Heritage would require her to invest much more than $25,000?

B. If so, did John Richard Blazer make an intentionally false statement to Cook that Scott McQuate had a special relationship with Heritage and that, on the basis of such special relationship, the Ohio Company could represent Cook to allow her to invest $25,000 in Heritage, and that she would have to do so by May 16, 2013 or it would be too late for her to do so?

C. If you find that Cook proved (A) and (B) by clear and convincing evidence, did

---

[2] Fiducial Investment Advisors v. Patton, 900 N.E.2d 53, 59 (Ind. Ct. App. 2009) (Najam, J.).

>    Cook prove by clear and convincing evidence that she reasonably relied on such representations by John Richard Blazer, and that, on the basis of such reasonable reliance, she was induced to pay $25,000 to the Ohio Company by May 16, 2013 and would not have done so if John Richard Blazer had not misled her by representation that Scott McQuate had a special relationship with Heritage that would result in her being able to invest $25,000 in Heritage if she did so by May 16, 2013?
>
>    D.  If you find from clear and convincing evidence that (A) (B) and (C) occurred and that the same resulted in payment by Cook of $25,000 to the Ohio Company and that, as a result, she was deprived of such $25,000 and the interest on it, then you shall find in favor of Cook against John Richard Blazer on her claim against John Richard Blazer for fraud for her damages according to another instruction by the Court.
>
>    (E) If you find by clear and convincing evidence in the affirmative as to (A) (B) (C) and (D), then you shall determine the extent of any damage to Cook, which may include, as to the claim of fraud any such loss of such $25,000 and interest on the same at the rate of 6% per annum from the date of any such loss until the present.

  3.     **Damages for Emotional Distress Resulting from Fraud**

  If you find your verdict in favor of Cook as to her claim for fraud against John Richard Blazer, and if you find from clear and convincing evidence that Cook suffered very severe emotional distress because of any such fraud, then you may include in your finding of her damages such very severe emotional distress.[3]

---

[3] See McCune v. Xerox Corp., 2000 U.S. App. LEXIS 17847 (4th Cir. 2000),

4. **Cook's Claim of Conversion**

*Definition of Conversion*

Conversion is any wrongful exercise or assumption of authority over another's goods, depriving him of their possession; and any act of dominion wrongfully exerted over property in denial of the owner's right, or inconsistent with it.[4].

*Factual Issues*

Did John Richard Blazer take unto himself a part of $25,000 paid by Cook to the Ohio Company? On this issue, Cook bears the burden of proof by a preponderance of the evidence. If you find from a preponderance of the evidence that, after Cook paid $$25,000 to the Ohio Company, John Richard Blazer received a part of the said $25,000 and converted the same to himself, without any of the same being invested in Heritage, you shall return your verdict in favor of Cook against John Richard Blazer for such amount, plus interest.

**5. Cook's Claim for Punitive Damages**

If you find your verdict in favor of Cook against John Richard Blazer for conspiracy and/or fraud, and/or conversion and if you find that John Richard Blazer acted willfully, wantonly, and with reckless disregard of Cook's property rights, you may return a verdict for punitive damages to punish and as a deterrence against such action by others. Punitive damages are damages that go beyond the actual damages of a plaintiff and can be awarded in case of malicious or wanton behavior as punishment or as deterrence of

---

[4] *United Leasing Corp. v. Thrift Ins.* Corp., 247 Va. 299, 305 (1994)

such behavior but, even if you find your verdict in favor of Cook, you are not required to award punitive damages. If you do award punitive damages against one or both parties, you should state that award separately in your verdict.

### 6. Clear and Convincing Evidence

Clear and convincing evidence is that quantum of proof that leaves no doubt in the fact finder's mind about the truth of the proposition in question. Although essentially stated in terms of reasonable doubt, clear and convincing evidence amounts to more than a preponderance, while not quite reaching the degree of proof of beyond a reasonable doubt[5]

### 7. Preponderance of the Evidence (From Model Jury Instructions)

When a party has the burden of proof by a preponderance on an issue, then that party must prove the issue by the greater weight of all of the evidence.   This is sometimes called the preponderance of the evidence. It is that evidence which you find more convincing.   The testimony of one witness whom you believe can be the greater weight of the evidence.

### 8.    General Instructions (From Model Jury Instructions)

*Determination of Facts*

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.   You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things

---

[5] Modified from   I*n re Lisa P.*, 887 N.E.2d 696, 701 (Ill. App. Ct. 2008) (Hutchinson, J.).

about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

### *Verdict Based on Evidence*

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation. Your verdict must be based solely upon the evidence and instructions of the Court.

### *Damages*

The burden is on Cook to prove each item of damages she claims and to prove that each such item was caused by wrong by McQuate or the Ohio Company, or both. If you find your verdict in favor of Cook, she is not required to prove the exact amount of her damages, but she must show sufficient facts and circumstances to permit you to make a reasonable estimate of any item of damages.

## VERDICT FORMS

1. We the jury, on the issues joined, find our verdict in favor of Rachael Cook against John Richard Blazer and assess her compensatory damages as _____.

2. We return a verdict in favor of Rachael Cook against John Richard Blazer for (no punitive damages) (for _____ in punitive damages)

3. We the jury, on the issues joined, find our verdict in favor of John Richard Blazer.

Respectfully submitted,

**RACHAEL L. COOK,**

By /**s**/ Henry W. McLaughlin
      Counsel

Henry W. McLaughlin (VSB No 07105)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia
(804)205-9020; fax (877) 575-0245
*Counsel for Rachael L. Cook*

Henry W. McLaughlin (VSB No 07105)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1050
Richmond, Virginia
(804)205-9020; fax (877) 575-0245
*Counsel for Rachael L. Cook*

## CERTIFICATE

I, Henry W. McLaughlin, counsel for plaintiff, certify that on August 6, 2021, I mailed a copy of the foregoing to John Richard Blazer at his address of record at 16913 Meredith State Road, Sunbury, Ohio 43074. .


_/s/_ Henry W. McLaughlin_____
Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin PC
Suite 1050
Eighth and Main Building
707 East Main Street
Richmond, VA 23219
Tel: 804.205.9020
Fax: 877.575.0245
henry@mclaughlinvalaw.com
*Counsel for Rachael L. Cook.*